**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-10641

DAN R WALLER, as Receiver for Dobbins Capital Corp, Dobbins Offshore Capital, LLC, Dobbins Partners LP, and Dobbins Offshore, Ltd,

Plaintiff - Appellant

v.

GEORGE ROBERT PIDGEON, SR.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-506

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The dispositive question before this Court is whether the definition of insolvency under § 24.003 of the Texas Business and Commerce Code, a provision of the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COM. CODE ANN. § 24.001 *et seq.* (Vernon 2002), requires that a debtor's debts be valued at book value. We agree with the district court's conclusion that "although the TUFTA definitions of insolvency at issue here would *permit* debts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[to] be valued at book value, they do not *command* that they be valued at book value" *Waller v. Pidgeon*, No. 3:06-CV-506, 2008 WL 2338217 (N.D. Tex. June 5, 2008) (unpublished). We also agree with the district court that, because Appellant "bases his entitlement to prevail on his claim solely on his legal interpretation of TUFTA" and does not otherwise assert facts to support a finding of insolvency, dismissal with prejudice was appropriate. *See id.*

Accordingly, we AFFIRM the judgment of the district court.